# SULLIVAN,

## JULY TERM, A. D. 1847.

---

### EMERSON v. WALLACE.

One to whom a debtor had assigned his effects, for the benefit of his creditors, purchased, at a discount, demands against the debtor to a greater amount than the effects received, and was then summoned as trustee of the debtor at the suit of other creditors.—*Held*, that he was not chargeable, whether the assignment was valid in law or not.

FOREIGN ATTACHMENT. Thomas Wallace, the defendant, on the 27th day of April, 1846, made a general assignment of his property to the trustee, for ratable distribution among the creditors of the assignor, in payment of their several demands, and made the oath required by law, that he had thereby assigned, and that it was his intention to place in the hands of the assignee, all his property not exempt from execution, for the purposes named.

Previously, however, to the execution and delivery of the assignment, he transferred certain securities, and mortgaged certain land of his wife, to secure a claim in favor of Susan Moore.

The trustee took possession of the effects assigned to him, and at the time of his disclosure had converted into cash a sufficient amount to satisfy the plaintiff's claim.

On the first day of May, 1846, the trustee, at the instance of several of the creditors of Wallace, purchased and took assignments of their demands to the amount of $2,181.45, at the rate of thirty cents on the dollar; they all knowing that the assignment had been made in their favor; and the plaintiffs in the action having been adver-

tised of his purpose to purchase those claims, and having made no objection.

The trustee claims the right to retain the cash which he has received, and the effects of Wallace that have come to his hands, the whole being materially less than the amount of the claims bought in by him, as disclosed.

The writ was served upon the trustee on the 31st day of August, 1846.

*Metcalf*, for the plaintiffs.

*Prentiss*, trustee, *pro se.*

GILCHRIST, J. The assignment was made on the 27th day of April, 1846.

On the 1st day of May, 1846, the trustee purchased of several of the creditors their demands against the defendant.

On the 31st day of August, 1846, the trustee process was served upon him.

Suppose the assignment was entirely invalid. It would then be as if no assignment had existed, and the rights of the parties would then be as they would have been without it. Then there would be nothing to hinder the trustee from purchasing any demands against the defendants, and in a *bona fide* purchase, at whatever discount, his rights would be protected.

Against any property in his hands he might offset such debts, and could not be charged as trustee. No subsequent attachment, by virtue of such process, could relate back and modify his rights. It would be the simple case of one who had property of the defendant in his hands, but who had claims against the defendant to a larger amount. In this case he has used his own money for the purchase, and not that of the defendant.

If, on the other hand, the assignment be valid, whatever dealings he may have had in this matter, and what-

ever may be the rights of the creditors who assented to the assignment, he will not be liable to the plaintiff. The assignment being valid, and he having assented to take upon him the execution of the trust, he will have come under obligations to the parties to the assignment, for it is with them that he has contracted.

The plaintiff did not object to his buying these claims.

Whether, by purchasing these claims, he can obtain a right to have dividends on them, as against the assenting creditors, is a question into which we need not inquire in this case.

*Trustee discharged.*